FILED

**NOT FOR PUBLICATION**

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE LEE POSLOF, Sr., | No. 09-55686 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-01418-AG-SH |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 17, 2011
Pasadena, California

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Lonnie Lee Poslof, Sr., appeals the district court's denial of his petition for a

writ of habeas corpus, arguing that his sentence of 27 years to life in state prison is

cruel and unusual punishment in violation of the Eighth Amendment to the U.S.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Constitution. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

In 1992, Poslof pled guilty to two counts of lewd and lascivious acts with a child in violation of California Penal Code § 288. He served a sentence in California State prison and was released on parole in 1995.

Because Poslof was convicted of a felony sex offense, California law required that he register his residence with the local authorities. He was required to register any additional residence, Former § 290(a)(1)(B), or any change of residence within five working days, Former § 290(a)(1)(A). California law declared willful violation of the registration requirement to be a felony punishable by imprisonment "for 16 months, or two or three years." Former § 290(g)(2).

In August 2002, Poslof claimed to be residing part-time at two different residences. He had registered only one of them. He had not registered the residence that he had bought recently, and at which he was residing. The State charged Poslof with willful violation of Section 290. Evidence presented at trial indicated that he was no longer residing at his previous residence. A jury convicted him of the charged offense. In a bifurcated trial, the trial court also found true allegations that Poslof had two prior convictions for lewd and lascivious acts upon a child, which qualified as serious or violent felonies. The trial court

2

sentenced Poslof to 27 years to life in state prison under California's Three Strikes law, Cal. Penal Code § 667(e)(2)(A).

Poslof argues that his third-strike felony of failing to register his second address is a nonviolent, regulatory offense and that the harshness of the penalty is grossly disproportionate to the gravity of that offense. Poslof relies on *Gonzalez v. Duncan*, 551 F.3d 875 (9th Cir. 2008), and *People v. Carmony*, 127 Cal. App. 4th 1066 (2005). In those cases, the triggering offense was failing to update registration within five working days of the offender's birthday in violation of Former Section 290(a)(1)(D) of the California Penal Code. *Gonzalez*, 551 F.3d at 885, 887; *Carmony*, 127 Cal. App. 4th at 1071-72. Both courts analyzed the gravity of the triggering offense, noting that it was regulatory in nature and that there was no danger to society because the offenders were living at their registered addresses. *Gonzalez*, 551 F.3d at 885, 887; *Carmony*, 127 Cal. App. 4th at 1072-73.

Poslof, however, was convicted of the more serious offense of failing to register a new residence. *Gonzalez* and *Carmony* are inapposite because Poslof was residing at an unregistered location. *See People v. Nichols*, 176 Cal. App. 4th 428, 436 (2009); *People v. Meeks*, 123 Cal. App. 4th 695, 708 (2004).

3

The California Court of Appeal's decision that Poslof's sentence was not grossly disproportionate to his offense was not contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63 (2003).

**AFFIRMED.**